**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNA HINES, | No. 10-16867 |
| Plaintiff - Appellant, | D.C. No. 4:07-cv-04145-CW |
| v. | |
| CALIFORNIA PUBLIC UTILITIES COMMISSION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Donna Hines appeals pro se from the district court's judgment in her

employment action against the California Public Utilities Commission ("CPUC")

and other defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo both a grant of summary judgment and a dismissal for failure to state a claim. *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). We affirm.

The district court properly granted summary judgment on the Title VII race discrimination claim because Hines failed to raise a genuine dispute of material fact as to whether the CPUC's legitimate, nondiscriminatory reasons for not selecting Hines for promotions were pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062-63 (9th Cir. 2002).

The district court properly granted summary judgment on the Title VII retaliation claim because Hines failed to raise a genuine dispute of material fact as to whether she suffered an adverse employment action in retaliation for filing the instant lawsuit, or as to whether there was a causal link between the lawsuit and the alleged adverse employment action. *See id.* at 1064.

The district court properly dismissed the racial harassment claim because Hines failed to allege facts sufficient to show that the alleged conduct was due to her race or was sufficiently severe or pervasive to alter the conditions of her employment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2004).

The district court properly dismissed the disparate impact claim because Hines failed to allege facts identifying a specific, facially neutral employment

practice, or sufficient to show a causal relationship between such a practice and its adverse impact on African-American employees. *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1190 (9th Cir. 2002) (discussing requirements for a plaintiff to establish a prima facie case of disparate impact).

The district court properly dismissed the First Amendment retaliation claim because Hines failed to allege facts sufficient to show that her speech was not made pursuant to her official duties. *See Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006) ("[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.").

The district court properly dismissed the due process claim because Hines failed to allege facts sufficient to show that a protected liberty or property interest was at stake. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972).

The district court did not abuse its discretion by denying Hines' motion to compel discovery. *See Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

Hines' remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Hines' "Motion to Strike Supplemental Documents" is denied.

**AFFIRMED.**